IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                                  **Criminal No. 3:09cr148**

**THOMAS WYATT,**

      **Petitioner.**

### MEMORANDUM OPINION

Thomas Wyatt, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (the "§ 2255 Motion," ECF No. 53).[1] The Government has filed a Response. (ECF No. 61.) Wyatt has filed a Reply. (ECF No. 63.) For the reasons set forth below, the § 2255 Motion will be DENIED.

### I. Procedural History

On July 19, 2010, a grand jury charged Wyatt with possession with intent to distribute five grams or more of cocaine base (Count One); possession of marijuana (Count Two); possession of a firearm in furtherance of a drug trafficking crime (Count Three); and possession of a firearm by a convicted felon (Count Four). (ECF No. 10-2, at 1–2.) On September 24, 2020, Wyatt pled guilty to Counts One and Four after the Government agreed to strike the language in Count One that charged Wyatt with possession with intent to distribute a specific quantity of cocaine (5 grams or more). (ECF No. 17.) In the Statement of Facts filed in conjunction with his guilty plea, Wyatt acknowledged that the facts contained in Counts One and Four of the Superseding Indictment and the following facts were true and that the Government could have proven them beyond a reasonable doubt had the matter gone to trial:

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, spelling, punctuation, and spacing, and omits the emphasis in quotations from Wyatt's submissions.

1. On or about November 1, 2007, in the Eastern District of Virginia and within the jurisdiction of this Court, THOMAS G. WYATT did knowingly and unlawfully possess with the intent to distribute cocaine base, commonly known as "crack," in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On or about November 1, 2007, in the Eastern District of Virginia and within the jurisdiction of this Court, THOMAS G. WYATT having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly, intentionally, and unlawfully possess a firearm and ammunition, to wit: a Ruger 9mm semi-automatic pistol, model P95, serial number 315–16486, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

3. On November 1, 2007, Officers Michael Morris and Eric Fries of the Richmond Police Department were patrolling the 1400 block of Harwood Street located in Hillside Court in the City of Richmond. The officers heard two gunshots coming from approximately the 1700 block of Southlawn Avenue. The officers proceeded to that location and observed an individual, later identified as the defendant THOMAS G. WYATT, standing in the rear of 1712 Southlawn Avenue.

4. Officer Fries exited the patrol car and went around the building while Officer Morris drove the patrol vehicle around the opposite side of the building. WYATT walked toward the front of the building and away from Officer Fries; however, he stopped upon seeing Officer Morris. The officers placed WYATT in investigative detention.

5. Officer Morris immediately returned to the area where he originally observed WYATT and discovered a firearm inside a garbage can on top of the trash. The hammer on the firearm was cocked, the firearm was warm to the touch, and the firearm smelled of burnt gun powder.

6. The officers transported WYATT to the Richmond Police Department First Precinct where a primer residue test was conducted on his hands. The Virginia Department of Science identified primer residue on both of WYATT'S hands.

7. Prior to appearing before the magistrate, WYATT informed the officers that he possessed narcotics in the front pouch of his long underwear. Officer Fries retrieved a large plastic bag containing 64 individual plastic bags containing "crack" cocaine, totaling approximately 3.5 grams.

8. The firearm recovered was a Ruger 9mm semi-automatic pistol, model P95, serial number 315–16486. A Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the firearm was manufactured outside of the Commonwealth of Virginia and, therefore, was transported in and affected interstate and foreign commerce prior to November 1, 2007. Likewise, the item was described to be a "firearm" as defined in Title 18, United States Code, Section 921(a)(3).

9. An agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the Ruger 9mm semi-automatic pistol, model P95, serial number 315–16486, was in mechanical operating condition and that the firearm was functional.

10. WYATT possessed the cocaine base, commonly known as "crack" with the intent to distribute it and possessed the firearm.

(ECF No. 19, at 1–3.) After Wyatt entered into his guilty plea for Counts One and Four, a jury convicted Wyatt with respect to Count Three on November 10, 2010. (ECF No. 32.) On February 10, 2011, the Court sentenced Wyatt to concurrent sentences of twelve months of incarceration on Count One and Four and a consecutive sentence of 120 months of incarceration on Count Three. (ECF No. 47, at 2.) Wyatt did not appeal.

On December 17, 2019, Wyatt filed the present § 2255 Motion.[2] In his § 2255 Motion, Wyatt raises the following claim for relief:

> Claim One: Wyatt's conviction of the § 922(g)(1) offense is no longer valid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 54, at 2–4.)[3]

---

[2] Wyatt initially filed his § 2255 Motion in the United States District Court for the District of New Jersey on that date. (*See* ECF No. 53, at 12; ECF No. 53-1, at 1–3.) Although Wyatt did not mail his § 2255 Motion to this Court until April 24, 2020, (*see* ECF No. 53-2, at 1), because it is ultimately of no import to the disposition of his claim, the Court deems December 17, 2019 as the filed date. *Cf. Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] For the first time in his lengthy Reply, Wyatt argues that the firearm did not belong to him, but instead belonged to an older cousin, and essentially, that the evidence was insufficient to sustain any of his three convictions. (ECF No. 63, at 3–5.) Wyatt also generally argues that he did not understand his plea and that he would not have pled guilty to Counts One and Four if he had known that the Government could use the fact of his guilty plea at trial. (*See, e.g., id.* at 22–27.) These are new claims and do not involve any *Rehaif*-based challenge, despite Wyatt's creative attempts to frame them as such. Any new claims or allegations brought for the first time in a reply are not properly before the Court. *See Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics. Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs").

Even if Wyatt had properly sought leave to amend to add these claims, the Court would deny leave to amend as futile, because the new claims would clearly be barred by the statute of limitations. Wyatt's conviction became final on Thursday February 24, 2011, the last day to note an appeal. *See* 28 U.S.C. § 2255(f)(1); *United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citation omitted); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Thus, to be timely, Wyatt's § 2255 motion was due by Monday, February 13, 2012. Wyatt failed to file his § 2255 motion until December 17, 2019, and failed to file his newer claims until September 14, 2020, and therefore, these claims are untimely. In addition, these new claims would be barred from review here, because Wyatt could have raised such claims on direct review, but did not, and

The Government has responded and argues that Claim One is procedurally defaulted and barred from review.[4]

## II. Procedural History

### A. Alleged Error under *Rehaif*

The Government argues that Wyatt procedurally defaulted any challenge to his conviction based on *Rehaif*. (ECF No. 61, at 4.)[5] As discussed below, Claim One is defaulted and it is barred from review here.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2197. Accordingly, *Rehaif* held that, "in a prosecution under 18

---

therefore they are defaulted. *See* Part II.B. Finally, any claim challenging the sufficiency of the evidence with respect to Count Four it is barred by his validly entered plea. *United States v. Lemaster*, 403 F.3d 216 221-22 (4th Cir. 2005) (explaining that, in the absence of extraordinary circumstances, the truth of the sworn statements made during Rule 11 hearing are "conclusively established").

[4] Because the Government does not raise the affirmative defense that the § 2255 Motion is barred by the statute of limitations but instead concedes that the *Rehaif* claim is timely pursuant to 28 U.S.C § 2255(f)(3), the Court declines to discuss the timeliness of Wyatt's § 2255 Motion.

[5] The Fourth Circuit has not addressed the retroactivity of *Rehaif*. At least two circuit courts have found that *Rehaif* is merely a case of statutory interpretation, and it did not establish a new rule of constitutional law. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Nevertheless, because the Government concedes its retroactivity, for the purposes of this opinion, the Court will accept that *Rehaif* applies retroactively to cases on collateral review.

4

U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).[6]

Relying on this holding, Wyatt contends that his plea colloquy was defective because he was not informed that the Government had to prove knowledge of prohibited status. Wyatt apparently suggests that, because he was unaware of this element of the § 922(g) offense, his plea was not knowing and voluntary and his conviction must be vacated.[7] However, as discussed below, Claim One is procedurally defaulted, and barred from review here.

---

[6] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:

> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
>
> Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[7] To the extent that Wyatt argues that *Rehaif* requires that the Government must also prove that he knew his conviction for a crime punishable by a term of imprisonment exceeding one year accorded him a status barring him from legally possessing a firearm, this contention lacks merit. *Rehaif* does not require the Government to prove that Wyatt knew his possession of a firearm was unlawful in addition to proving he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2194. To the contrary, "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's relevant status (that he was a felon . . . )." *United States v. Jackson*, No. 3:17–810–CMC, 2021 WL 694848, at *8 (D.S.C. Feb. 23, 2021) (quoting *Rehaif*, 139 S. Ct. at 2194). Although the

5

### B. Wyatt Fails to Demonstrate Actual Prejudice or Actual Innocence

Wyatt clearly did not raise his *Rehaif* claim during his criminal proceedings in this Court or on direct review. The Government correctly asserts that, absent a showing of either cause and prejudice, or actual innocence, Claim One is barred from review here because Wyatt could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal." (internal quotation marks omitted) (citation omitted)). The Court need not determine whether Wyatt has shown cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Wyatt must show "a reasonable probability that, but for [the alleged] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (explaining that defendant can only establish a Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea"). Wyatt does not argue that, but for the *Rehaif* error, he would have pled not guilty and insisted on proceeding to trial. For this reason alone,

---

Fourth Circuit has not weighed in on this argument, four circuit courts have agreed that after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020), —not that "he knew his status prohibited him from owning a firearm." *Id.* at 727; *see also United States v. Maez*, 960 F.3d 949, 945–55 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 2814 (2021); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020); 140 S. Ct. 814 (2020).

6

Wyatt has failed to meet his burden of establishing actual prejudice. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).

Moreover, the undisputed evidence establishes that the Government would have easily demonstrated that Wyatt was aware of his prohibited status. As the Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *cert. denied*, 141 S. Ct. 2807 (2021).

In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. The Supreme Court set forth four elements that makes possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Wyatt was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm.

Wyatt argues that he was young and "[g]iven Mr. Wyatt's level of cultural understanding, a 'felon' was an old Head or O.G. who went to prison for a long period of time and returned home." (ECF No. 63, at 12.) Wyatt also argued that he did believe he was a felon because he had "never been to prison." (*Id.* at 12–13.) These arguments are unpersuasive. The record suggests that Wyatt was not as naïve as he would like the Court to believe now. Instead, ample

7

evidence reflects that Wyatt knew of his felon status at the time of the firearm offense and the Government easily would have proven that fact if he had insisted on proceeding to trial. *Cf. Greer*, 141 S. Ct. at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.").

At the time of his arrest, Wyatt had been convicted and sentenced in the Circuit Court for the City of Richmond on July 16, 2007, of possession of cocaine, resulting in a two-year suspended sentence, that was subsequently revoked in part after a 2009 conviction. (ECF No. 34, at ¶¶ 30, 37.) This was a mere four months before he was found in possession of a firearm and drugs on November 1, 2007. Wyatt was also on a term of good behavior and probation for that state felony drug conviction when he possessed the firearm. Although Wyatt received the benefit of a suspended sentence, that does not change the fact that he was sentenced to two years of incarceration for a crime that was clearly a "crime punishable by imprisonment for a term exceeding one year." *See* 18 U.S.C. § 922(g)(1).[8] Additionally, Wyatt's evasive actions in hiding the firearm when he saw police and then walking away from where he hid the firearm supports the conclusion that he knew that his possession of the firearm was unlawful. (ECF No. 19, at ¶¶ 4–5.) The record reflects that Wyatt knew that he was both a felon and that he was

---

[8] Whether Wyatt "served any prison time at all in prison is irrelevant. Rather, [§ 922(g)] criminalizes the possession of a firearm by any person 'who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.'" *Johnson v. United States*, No. 6:12cv00632, No. 6:09cr0205, 2013 WL 6633953, *3 (S.D. W. Va. Dec. 17, 2013) (explaining that "§ 922(g)(1) do[es] not require the defendant's prior sentence involve actual prison time in excess of a year"); *see United States v. Harris*, 458 F. App'x 297, 299 (4th Cir. 2011) (finding nine year suspended sentence satisfied § 922(g)(1)).

prohibited from possessing a firearm in 2007. Moreover, the record lacks any evidence suggesting that Wyatt would not have pled guilty if he had known that such proof was required.[9]

Therefore, Wyatt cannot show any actual prejudice. This same information dispels any suggestion that Wyatt's actual innocence could excuse his default. Accordingly, Claim One is defaulted and will be DISMISSED.[10]

---

[9] In exchange for his guilty plea, Wyatt received a two-level reduction in his Offense Level for acceptance of responsibility, making his sentencing guidelines range for Count Four 33 to 41 months. (ECF No. 34, at 31.) Nevertheless, the Court departed substantially and sentence Wyatt to a mere 12 months on Counts One and Four. According to Wyatt, this is the exact sentence his attorney told him he would receive if he pled guilty. (*See* ECF No. 63, at 4–5.) If Wyatt had instead proceeded to trial, at a minimum, he faced a statutory sentence of up to ten years of imprisonment and would have lost the benefit of that two-point reduction, resulting in sentencing guidelines range of 41 to 51 months. More importantly, fighting the charge would have resulted in a sentence far greater than the 12 months he received due to his guilty plea. Thus, with a near certainty, Wyatt would have received more than the 12–month sentence imposed on Count Four. Accordingly, no reasonable defendant in Wyatt's position, would have insisted on proceeding to trial when he almost certainly would have been convicted and received a longer sentence.

It appears that Wyatt's main complaint is with his mandatory 120-month sentence for Count Three (possession of a firearm in furtherance of a drug trafficking crime), to which he did not plead guilty, but instead was found guilty by a jury. That sentence cannot be the subject of a challenge under *Rehaif* no matter how Wyatt attempts to frame it.

[10] Wyatt also argues that the Government's purported "failure to present the 'Knowingly Requirement' element in its prosecution and charging instrument[] strips this Court of it[]s subject matter jurisdiction." (ECF No. 54, at 3.) This is not correct. "[T]he law is clear: the omission of an element of an indictment does not deprive the district court of subject matter jurisdiction." *United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020).

## IV. Conclusion

Wyatt's § 2255 Motion (ECF No. 53) will be DENIED and Claim One will be DISMISSED. The action will be DISMISSED. The motion to appoint counsel (ECF No. 82) will be DENIED. A certificate of appealability will be DENIED.[11]

An appropriate Order will accompany this Memorandum Opinion.

Date: 2-17-2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[11] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Wyatt has not satisfied this standard.